# DONOFRIO LAW

Anthony C. Donofrio

Of Counsel:
Brian J. Davis

MEMO ENDORSED

The letter motion requesting a conference to discuss discovery issues, Doc. 28, is terminated as moot. McIlwain is directed to resubmit the subpoenas with updated return dates.
SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: 11/18/2026
New York, New York

November 17, 2026

VIA ECF

Hon. Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: McIlwain v. Mintz, No. 1:25-cv-02902-ER
Plaintiff's Response to Defendant's Letter of October 29, 2026 (ECF No. 28), and Letter-Motion to Extend the Return Dates of the Re-Issued Subpoenas (ECF Nos. 32 to 36) to January 2027

Dear Judge Ramos:

This firm represents Plaintiff Timothy J. McIlwain. I write for two reasons. First, Plaintiff has now provided the discovery that Defendant's letter of October 29, 2026 (ECF No. 28) described as outstanding, so no conference or order is needed on that letter. Second, Plaintiff asks that, when the Court signs the five re-issued subpoenas Plaintiff submitted on November 4, 2026 (ECF Nos. 30 and 32 to 36), their return dates be extended to January 2027, before the close of discovery.

Defendant's letter identified two items: the documents referred to in Plaintiff's Rule 26(a)(1) disclosures, and Plaintiff's responses to the interrogatories and document requests Defendant served on April 8, 2026. Both are now in Defendant's hands. Plaintiff, then appearing pro se, served his disclosures on Defendant's counsel by email on July 11, 2025, and believed that the documents and video recordings they refer to had been delivered with them. I appeared for Plaintiff on February 12, 2026 (ECF No. 14). Plaintiff first learned that the documents had not come through on September 11, 2026, the day after the conference, when Ms. Long advised me that the July 2025 email contained no exhibits or links and that the files may have been too large for her firm's system. On November 2, 2026, Plaintiff sent Defendant's counsel the documents referred to in his disclosures, by Dropbox link and on a flash drive with a covering letter, and on November 12, 2026, Ms. Long confirmed to me by telephone that she was able to open the Dropbox link. Today Plaintiff served by email on Ms. Long his verified answers to Defendant's interrogatories and his responses to Defendant's requests for production. The responses identify in a schedule each category of documents Plaintiff will produce. The records and recordings that concern the minor child will be produced once a stipulated protective order under Rule 26(c) is entered, and Plaintiff will send Defendant's counsel a proposed stipulation for that purpose. Plaintiff regrets the delay. Plaintiff respectfully submits that Defendant's request for a

42 Pirates Cove • Massapequa, New York 11758 • (516) 797-9797 • adonofrio@triallawyerny.com

conference, or for an order under Rule 37(a), is now moot, and Plaintiff will meet and confer with Defendant's counsel on any remaining question before raising it with the Court.

As to the subpoenas, Plaintiff provides the information the Court's Individual Practices require for a request to extend time (Individual Practices of Judge Edgardo Ramos, Section 1.E).

*Original dates.* On October 14, 2026, the Court so ordered five subpoenas, with return dates of October 29, 2026 for the three document subpoenas, November 12, 2026 for the deposition of nonparty Brooke Berry, and November 18, 2026 for the Rule 30(b)(6) deposition of the Kentucky Cabinet for Health and Family Services.

*Previous request.* There has been one previous request. Because none of the five subpoenas had been served by its return date, on November 4, 2026 Plaintiff asked the Court to sign them again with return dates of December 3, 2026 for the documents, December 7, 2026 for Ms. Berry's deposition, or another date through December 11, 2026 that she selects, and December 8, 2026 for the Cabinet's deposition (ECF No. 30). The Court has not yet ruled on that request.

*Reason for this request.* The re-issued subpoenas have not yet been signed, and Plaintiff will not serve any of them until they are. Each recipient is in Kentucky and must be served there by a process server, and Defendant must receive notice and a copy of each document subpoena before it is served. Fed. R. Civ. P. 45(a)(4). Once the subpoenas are signed, too little time will remain before December 3, 2026 to serve them and still allow each recipient a reasonable time to comply, as Rule 45(d)(3)(A)(i) requires, and the Thanksgiving and December holidays will shorten that time further. Ms. Berry's letter-motion (ECF No. 23) is also still pending, and a January date for her deposition gives the Court time to decide it first.

*The dates requested.* Plaintiff asks that the three document subpoenas (ECF Nos. 32 to 34), and the documents called for by the Cabinet's subpoena, be returnable January 6, 2027 at 10:00 a.m.; that Ms. Berry's deposition (ECF No. 36) be held on January 7, 2027 at 10:00 a.m., or on another date through January 12, 2027 that she selects; and that the Cabinet's Rule 30(b)(6) deposition (ECF No. 35) be held on January 8, 2027 at 10:00 a.m. by remote videoconference. In every other respect the subpoenas would remain as submitted. Each date falls before the January 13, 2027 close of discovery, so no other scheduled date is affected and no revised scheduling order is needed. Plaintiff asks that the Court so order the subpoenas with these dates by endorsing this letter or, if the Court prefers, Plaintiff will file the five subpoenas with these dates for the Court's signature within one business day of the Court's direction.

42 Pirates Cove • Massapequa, New York 11758 • (516) 797-9797 • adonofrio@triallawyerny.com

*Consent.* On November 17, 2026, I asked Defendant's counsel and Ms. Berry by email whether they consent to this request. As of the filing of this letter, neither has responded.

Thank you for the Court's consideration.

Respectfully submitted,

Anthony C. Donofrio
DONOFRIO LAW, P.C.
Attorneys for Plaintiff Timothy J. McIlwain

cc: Brooke Berry, Nonparty, Pro Se (by email and first-class mail)
Kaitlyn P. Long, Esq., and William G. Murphy IV, Esq., Counsel for Defendant (via ECF)